(No. 36287.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THEODORE LAWLER, Plaintiff in Error.

*Opinion filed September 22, 1961.*

JULIUS LUCIUS ECHELES, and HAROLD POPE, both of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER, and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Defendant Theodore Lawler was indicted jointly with two other men in the criminal court of Cook County for

armed robbery. A jury found him guilty and the court sentenced him to confinement in the penitentiary for a term of not less than 8 nor more than 15 years. He prosecutes this writ of error.

All the evidence in this case was produced by the People. It shows that on November 30, 1959, defendant and an accomplice entered the home of John Kramer. At gun point they took Kramer and his sister-in-law to the basement apartment and directed them to put their heads and hands on the table. Shortly thereafter a third man brought Kramer's wife to the basement and directed her to do the same. Two of the men then went upstairs and the third stayed to guard Kramer, his wife, and his sister-in-law. The man in the basement took a wallet and watch from Kramer, and a ring, watch and about $200 from Kramer's wife. In the meantime the men upstairs were going through jewelry in the Kramer bedroom. While they were in the bedroom, the police, who had been alerted of a probable break-in at that address, entered the home and caught the men in the bedroom. Defendant tried to escape and was shot by one of the police officers. Mrs. Kramer's watch, ring and $200 were found on one of the men who also had a pistol. Kramer's watch was found on a stove in the basement apartment. A pair of Kramer's cuff links was found in defendant's pocket. The cuff links, pistol, woman's wrist watch and ring were all admitted into evidence.

Defendant argues that the People failed to prove Kramer's watch of the value of $90 was taken from him as alleged in the indictment. To support this argument he asserts that Kramer's watch was not properly identified and introduced into evidence. Under an indictment for robbery it is not necessary to prove the particular identity or value of the property taken, further than to show it was the property of the victim or in his care and had a value. (*People* v. *Nolan,* 250 Ill. 351; *Burke* v. *People,* 148 Ill. 70.) Kramer testified in detail that one of the men took his wrist watch

from his hand. This was sufficient to sustain the allegation.

It is also argued that the trial court committed prejudicial error in allowing evidence that Kramer's cuff links and his wife's ring and watch were taken. The evidence of which the defendant complains is related to and arose out of a single transaction. Proof that defendant and his associates took other property from Kramer and property from his wife at the same time and place certainly tends to show that they also took his watch. When evidence tends to prove a material fact in issue, it is admissible even though it also shows other technically distinct felonies. *People* v. *Tranowski,* 20 Ill.2d 11; *People* v. *Tomaszewski,* 406 Ill. 346.

The record in this case clearly shows the guilt of the defendant and it is free of prejudicial error. The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*