**People of the State of Illinois, Defendant in Error, v. Hazen Craig, Plaintiff in Error.**

**Gen. No. 51,018.**

First District, Fourth Division.

September 16, 1966.

Julius H. Shapiro and Gerald M. Sachs, of Chicago, for plaintiff in error.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel), for defendant in error.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

Defendant, Hazen Craig, was convicted of robbery after a jury trial and was sentenced to the penitentiary for a term of not less than three nor more than ten years. Defendant sued out a writ of error in the Supreme Court which transferred the case to the Appellate Court.

## Contentions on Appeal

Defendant contends that he did not receive a fair trial because:

(1) the prosecutor's closing argument to the jury was improper, in that he:

A. read the indictment to the jury, and
B. stated that the defendant had confessed to an assault and battery;

(2) the court erroneously allowed a prosecution witness to orally describe the subject matter of the robbery (a camera case) although the prosecution did not produce the camera case in court;

(3) cross-examination of a prosecution witness, Officer Lorenz, was improperly restricted; and

(4) statements of the trial judge to the jury were improper.

## Evidence

According to the evidence adduced by the prosecution, on March 23, 1963, at approximately five minutes after midnight Officer Joseph J. Lorenz was working with a police undercover unit on South Loomis Street in Chi-

31

cago. While he was walking down the street feigning drunkenness, dressed as a private citizen and carrying a camera case over his left shoulder, the defendant approached him and asked for a cigaret. After being given the cigaret defendant took Lorenz by the arm and led him across the street over the latter's protests. Lorenz told the defendant to leave him alone, that he was all right and could take care of himself, after which the defendant departed. Lorenz continued to walk south on Loomis and did not see the defendant; he stepped into an alley (in which Officers William Nolan and Roosevelt Robinson were sitting in their automobile), hesitated for a few minutes, coughed a few times and then returned to the mouth of the alley at which time the defendant approached him. After again telling the defendant that he neither needed nor wanted assistance the defendant replied "I'm not going to help you" and reached across with his left hand and grabbed the camera case off Lorenz' shoulder. As Officer Lorenz reached out to grab the defendant the latter swung a fist at him but missed, then hit Lorenz in the jaw with his elbow. Officer Lorenz regained his composure, drew his service revolver and yelled "Police Officer," after which Officers Nolan and Robinson arrived on the scene and took the defendant into custody.

Officers Nolan and Robinson corroborated the testimony of Officer Lorenz with regard to the activity in the alley during which defendant grabbed the camera case. In response to questioning by Officer Nolan, the defendant admitted taking the camera case because he needed the money.

At the trial defendant denied that he grabbed the camera case and also denied that he had admitted to the police that he had done so. He stated that he approached Officer Lorenz and asked him for a cigaret but was told that he (Lorenz) had none; that defendant assisted Lorenz across the street; that Lorenz started down the

street and, without turning around, said something about his race; that he walked up behind Lorenz, turned him around with the left hand and hit him with his right hand; and that he was then apprehended by the police.

## Opinion

(1)
■ A. Defendant claims that since the trial judge read the indictment to the jury at the voir dire examination, prior to trial, it was prejudicial error for the prosecution to reread the indictment to the jury in its closing argument. He contends that while the reading of an indictment to the jury is not objectionable, the court erred in not sustaining his objections to a rereading of the indictment. We find no error in this ruling. Additionally, in its instructions to the jury the court stated:

> The indictment in this case is not to be considered as any evidence or presumption of guilt against the defendant. It is a mere formal charge necessary to place the defendant upon trial.

Therefore we find that no prejudicial error was committed in allowing the prosecution to reread the indictment to the jury in its closing argument.

B. The defendant admitted on direct examination that he struck Officer Lorenz because of the latter's alleged remark concerning defendant's race. In his closing argument to the jury the prosecutor ·stated that by his testimony the defendant had confessed to committing an assault and battery.

■ ■ A judgment will be reversed only when it is reasonably clear that improper remarks influenced the jury in a manner that resulted in substantial prejudice to the accused. People v. Woodley, 57 Ill App2d 380, 206 NE2d 743; People v. Stahl, 26 Ill2d 403, 186 NE2d 349. We do not believe that the defendant was prejudiced by the prosecution's closing argument.

33

■

(2) Defendant argues that it was error for the court to allow a prosecution witness to describe the camera case since the prosecution did not produce the case in court nor did it explain its failure to do so. Defendant fails to note that Officers Lorenz and Nolan both stated that at the time of trial they didn't know the whereabouts of the camera case. Officer Nolan stated that the case belonged to a member of their undercover unit, which had been disbanded and the members transferred to various areas.

■ Moreover, under an indictment for robbery it is not necessary to prove the particular identity or value of the property taken, further than to show it was the property of the victim or in his care and had a value. People v. Lawler, 23 Ill2d 38, 177 NE2d 183. In the instant case, neither the existence of the camera case nor any of its features were in issue.

Therefore, defendant's contention is without merit.

■ In addition, the issue was waived by the failure to raise an appropriate objection in the trial court. People v. Bowlby, 51 Ill App2d 51, 201 NE2d 136.

(3) ■ The issue of the restriction of cross-examination was not raised in defendant's written motion for a new trial and is therefore waived. People v. Bridges, 67 Ill App2d 236, 214 NE2d 539. Moreover, we find no merit in defendant's contention.

(4) ■ On cross-examination of Officer Lorenz, defense counsel, in an attempt to impeach the witness' testimony, read from the statement made by the officer at the preliminary hearing. After it had been read extensively an objection by the prosecution was sustained, the court stating:

> Counsel, you have read from there, and I don't see anything substantially different from what the officer testified to.

34

No objection was made to the court's comments and therefore the issue has not been preserved for review. People v. Jones, 29 Ill2d 306, 194 NE2d 239. Moreover, defendant does not urge that the trial judge erroneously sustained the prosecution's objection nor does he contend that Officer Lorenz would have been impeached if counsel had continued to read from the statement.

**Holding on Appeal**

We find that the defendant received a fair trial and that he was proven guilty beyond a reasonable doubt. Therefore the judgment of the trial court is affirmed.

Affirmed.

McCORMICK and ENGLISH, JJ., concur.