People of the State of Illinois, Plaintiff-Appellee,
v. Homer Borden, Jr., Defendant-Appellant.

Gen. No. 50,869.

First District, First Division.

June 26, 1967.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and William J. Nellis, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Defendant was indicted for burglary. He was found guilty in a bench trial and sentenced to the Illinois State Penitentiary for a period of one to five years. On appeal defendant contends that the proof was insufficient to establish the element of entry into the premises involved.

An ADT alarm was set off when the front window of a men's clothing store was cracked and the sliding gates protecting the window were bent. Police arriving at the premises apprehended the defendant as he emerged from the basement of the store. His clothes had coal dust on them and his hat was covered with fresh particles of plaster. Upon investigation, a poker with plaster on its tip was found near a filled coal bin. Someone had been attempting to break through the ceiling of the basement into the store on the first floor.

Defendant's explanation of his presence at the scene was that he had been drinking and when he stepped into the doorway, fell down the stairs into the basement. He offered no explanation for the coal dust or plaster on his clothes.

The evidence disclosed that no entry into the store was accomplished through the front window. Nothing in the store had been touched. There was no direct entry from the basement to the first floor, and the attempt to break through the floor was also unsuccessful.

443

██ The essence of the crime of burglary is the entry into a building with the intent to commit a felony or theft. (Ill Rev Stats 1963, c 38, § 19–1.) Defendant argues that the evidence clearly shows that there was no entry into the store as charged in the indictment. "The testimony at most," asserts defendant, "demonstrates that a person attempted to make entry into the store." With this statement we are in complete agreement.

██ Where the offense charged in an indictment includes within it another offense of lower degree, the defendant may be convicted of the lower offense even though the evidence fails as to the offense of higher degree. People v. Lewis, 375 Ill 330, 31 NE2d 795 (1941). The Criminal Code specifically provides that " 'Included offense' means an offense which (b) Consists of an attempt to commit the offense charged or an offense included therein." (Ill Rev Stats 1963, c 38, § 2–9.)

██ In accordance with the power vested in this court by section 121–9(b)(3) of the Criminal Code (Ill Rev Stats 1965, c 38, § 121–9(b)(3)), we reduce the degree of the offense to "Attempted Burglary," a crime of which the evidence clearly shows the defendant guilty. The sentence imposed by the Criminal Division of the Circuit Court of Cook County is vacated and the cause remanded for resentencing. People v. Kurtz, 37 Ill2d 103, 224 NE2d 817 (1967).

Judgment modified and cause remanded for resentencing.

MURPHY, P. J. and BURMAN, J., concur.