THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN DORMAN (Impleaded), Defendant-Appellant.

(No. 57967;

First District (4th Division)—June 12, 1974.

James J. Doherty, Public Defender, of Chicago (Donald S. Honchell and Ronald P. Alwin, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Roger Horwitz, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of Cook County. The defendant, John Dorman, was convicted of burglary at a bench trial in March of 1972, and he received a sentence of 2 to 4 years.

The issues presented for review are whether the defendant was proven guilty beyond a reasonable doubt of the crime charged in the indictment, and whether the sentence of 2 to 4 years is proper under the Unified Code of Corrections.

The defendant was arrested as he was leaving an office at 900-920 North Franklin Street in Chicago in the early morning hours of September 8, 1971. He and a companion had been seen walking down the inside stairway of the building by two policemen, who had responded to a "burglary in progess" call. Officer Jerry Levan testified he saw two individuals "who appeared to be exiting the second floor and walking down the stairs."

The defendant was arrested as he stepped outside the building. His companion retreated inside the building and was later apprehended by a canine unit.

Inspection of the building revealed a pane of glass on the fire doors of both the second and third floors of the building had been broken in a manner which would allow a person to reach in and open the door from the inside. The general manager of Missionary Services, Inc., the tenant on the second floor of the building, testified there was nothing missing or disturbed in the offices. The premises on the third floor, which were leased to the Alco Company, were found to be in disorder and there was some damage.

The defendant was charged with the burglary of the second-floor offices of Missionary Services, Inc., and the defendant contends he was not proved guilty of burglarizing those offices beyond a reasonable doubt, because the State failed to prove he actually entered into the offices of Missionary Services, as charged in the indictment.

Section 19—1 of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, § 19—1) provides in part:

"(a) A person commits burglary when without authority he

knowingly enters or without authority remains within a building, * * * or any part thereof, with intent to commit therein a felony or theft."

■■ The defendant contends no such entering was proved and the most the State did show was that the rear fire escape window was broken by unknown persons at some unknown time during the night of September 7-8, 1971. The defendant relies on cases which state that abortive attempts at gaining entry to a building are not sufficient to constitute the crime of burglary. (*People v. Urbana* (1959), 18 Ill.2d 81; *People v. Borden* (1967), 84 Ill.App.2d 442; *People v. Davis* (1972), 3 Ill.App.3d 738.) However, in those cases no entry was effected. In the case at bar the defendant was observed by police officers coming off the second floor of the building where the offices of Missionary Services, Inc., were located. The fact that nothing was taken is not significant. In *People v. Gooch* (1966), 70 Ill.App.2d 124, 130, the court stated:

"The crime of burglary is complete upon entering with the intent to steal, and it is not essential to allege or prove that anything was taken. · [Citation.] Intent may be inferred from the proved facts and circumstances."

■■ In the instant case the defendant was apprehended in the early morning hours as he came out of a building, although he had no authority to be in the building. He was seen by police officers exiting the second floor, and the window in the fire door on the second floor had been broken in a manner in which entry could be effected. This is a chain of circumstantial evidence from which the defendant's guilt may be properly inferred. In the case of *People v. Marino* (1970), 44 Ill.2d 562, the court stated:

" '[A] conviction may be sustained upon circumstantial as well as direct evidence [citation], it being necessary only that the proof of circumstances must be of a conclusive nature and tendency leading, on the whole, to a satisfactory conclusion and producing a reasonable and moral certainty that the accused and no one else committed the crime. * * *.' "

We conclude the evidence is sufficient to sustain a burglary conviction.

The State concedes the Unified Code of Corrections is applicable, and the defendant is entitled to a reduction of the minimum sentence. Burglary is a Class 2 felony under section 19—1 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, § 19—1), and a defendant who is guilty of a Class 2 felony may not be sentenced to a term where the minimum is greater than one-third of the maximum. Ill. Rev. Stat. 1973, ch. 38, § 1005—8—1(c)(3).

Accordingly, the minimum sentence must be reduced to a term of 16 months.

For these reasons the judgment of the Circuit Court of Cook County is affirmed and the sentence is modified.

Affirmed as modified.

ADESKO, P. J., and BURMAN, J., concur.