THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL WAS et al., Defendants-Appellants.

(No. 58494;

First District (2nd Division)—September 24, 1974.

James J. Doherty, Public Defender, of Chicago (Vincent M. Gaughan, Assistant Public Defender, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Roger L. Horwitz, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Defendants, Michael Was and Richard Talkowski, were charged by indictment with robbery. (Ill. Rev. Stat. 1971, ch. 38, par. 18—1.) A jury found defendants guilty as charged. Defendant Was was sentenced to a term of 1 to 5 years in the penitentiary, and defendant Talkowski was sentenced to a term of 5 to 15 years. On appeal defendants contend that their convictions were based solely upon the erroneous admission of hearsay evidence. Alternatively, defendant Talkowski contends that his sentence is excessive.

The victim of the robbery, Walter Rozanecki, died of unrelated causes prior to trial. The sole eyewitnesses who testified at trial were two police officers.

Chicago Police Officers Ralph Scavone and Salvatore Sorci testified that at approximately 3 A.M. on May 10, 1971, while on patrol in their squad car, they observed defendants sitting on a park bench near Ashland, Milwaukee, and Division Avenues. Defendants were known by the officers to be "troublemakers." At approximately 3:30 A.M. the officers again observed defendants who were now standing near the corner of Ashland and Division. The officers parked their squad car on Division, approximately one-half a block west of Ashland, and proceeded to observe defendants who continued standing near the southwest corner of Ashland and Division. At approximately 4 A.M. the officers observed Walter Rozanecki exit a tavern at 1549 Division (near the southeast corner of Ashland and Division). Rozanecki proceeded to walk west on Division toward Ashland; then he turned the corner and walked south on Ashland.

At this point the officers observed defendants cross Ashland and walk hurriedly toward Rozanecki. The officers drove their squad car to the southwest corner of Ashland and Division to enable them to observe defendants following Rozanecki. When Rozanecki reached an alley located near the middle of the block, defendants grabbed him and forcibly pulled him into the alley. At this point the officers turned the corner onto Ashland and proceeded toward the alley. Both officers observed Talkowski holding Rozanecki in a "bear hug" while Was was going through the pockets of Rozanecki's sports coat. As the officers pulled into the alley, defendants pushed Rozanecki down onto the ground and ran in opposite directions. Officer Scavone pursued Was and apprehended him twenty feet from the scene of the attack; Officer Sorci pursued Talkowski but was unable to apprehend him, and returned to the scene to aid Officer Scavone in the apprehension of Was.

Officer Scavone then testified, over objection, that, when he brought Was to the squad car, the victim Rozanecki observed him and stated that he had just been robbed by Was. Officer Sorci also testified that Rozanecki stated "He robbed me." The officers sent out a radio message for the arrest of Talkowski and then drove the victim and Was to the 13th District Police Station. Soon afterward Talkowski was brought into the station. The officers were permitted to testify, again over objections, that, when Talkowski was brought into the interrogation room, Rozanecki stated "Richie, he's the other one." Officer Scavone also testified that Was was searched and $4 and a pack of Winston cigarettes were found on his person. The cigarettes were returned to Rozanecki and the $4 was inventoried.

The officers admitted on cross-examination that they did not observe defendants remove currency or any other property from the victim's pockets. They had no personal knowledge of the amount of money Rozanecki had been carrying prior to being accosted by defendants, and they had no personal knowledge of whether Rozanecki had any money after the attack. Objections were sustained to the officers' testimony that "they determined" that $4 and a pack of cigarettes were taken from Rozanecki during the incident. Again, on redirect examination of Officer Sorci, the following colloquy ensued:

"Prosecutor: How much did you find out he had?

Defense Counsel: I am going to object, your Honor, to the form, unless there is a foundation laid.

Court: Lay the foundation first.

Prosecutor: When did you have a conversation with the complainant about money or what possessions he had on him at the robbery?

Answer: When we brought him into the 13th District.

Prosecutor: Who was present for that conversation?

Answer: Myself, my partner, the defendants.

Prosecutor: And, do you remember the time, the approximate time?

Answer: It had to be about 4:20.

Prosecutor: And, at that time did the complainant tell you anything was taken from his person?

Answer: Yes, sir, he did.

Prosecutor: What did he tell you?

Answer: $4 and a pack of cigarettes.

Prosecutor: And, were the $4 recovered?

Answer: Yes, sir, they were.

Prosecutor: From whom, if you know?

Answer: From Mr. Was.

Prosecutor: And, how about the cigarettes?

Answer: Yes, sir.

Prosecutor: Who were the cigarettes recovered from?

Answer: Mr. Was, also.

Prosecutor: What happened to those cigarettes?

Answer: I returned them to complainant."

Police Officer Richard Okrasinski then testified as to Talkowski's arrest: He received a radio message at approximately 4 A.M. and within 10 minutes thereafter he observed Talkowski walking down the street approximately 3½ blocks from the scene of the incident. He immediately arrested Talkowski and transported him to the 13th District Station.

At the conclusion of this testimony, the prosecutor introduced into evidence the $4 recovered from defendant Was, and thereafter the State rested.

The sole defense witness was Helen Falk, an acquaintance of the victim, Walter Rozanecki. The witness testified that on February 1, 1972 she and Rozanecki had had a conversation in a tavern, during which Rozanecki related to her that Thomas Flosi and Ziggy Talkowski (defendant Talkowski's brother) were the persons who had robbed him. Rozanecki further stated that he was afraid of the police and was fearful that, if he testified that Flosi and Ziggy Talkowski were the robbers, he would be forced to leave the city. On cross-examination the witness admitted having had a telephone conversation on February 29, 1972, with an assistant State's Attorney at which time she related that she and Rozanecki had been in a tavern and two boys had entered and offered to buy drinks for Rozanecki and her. Rozanecki refused the offer, stating that the two boys were the ones who had robbed him. The witness

denied that she had told the assistant State's Attorney that the two boys were the two defendants; she insisted that they were Flosi and Ziggy Talkowski.

The State then called in rebuttal William Gibson, an investigator for the State's Attorney. He testified that he was with Helen Falk on February 29, 1972 when she had a phone conversation with an assistant State's Attorney. Gibson overheard Miss Falk relate her conversation with Rozanecki. Miss Falk stated that defendants entered and offered to buy them drinks, and that Rozanecki refused because they were the persons who had robbed him.

The jury found defendants guilty of robbery and judgment was entered thereon.

■■■ The gist of the offense of robbery, and the elements which the prosecution must prove beyond a reasonable doubt, are: (1) the taking from a person of a thing of value; and (2) the use of force or intimidation. (*Burke v. People*, 148 Ill. 70, 35 N.E. 376; *People v. Niemoth*, 409 Ill. 111, 98 N.E.2d 733.) It is well-established that in a robbery prosecution it is not necessary to prove the particular identity or value of the property taken, but it must be shown that it was the property of the victim and that it had a value. (*People v. Lawler*, 23 Ill.2d 38, 177 N.E.2d 183.) Defendants contend that the prosecution did not establish, by competent evidence, that property was, in fact, taken from the victim, and that therefore their convictions must be reversed.

■■ In the instant case we are confronted with a situation where the victim of an offense has died of unrelated causes prior to trial. The officers admitted that they had no personal knowledge of any property of the victim taken by defendants. They relied solely upon the statements of the victim. It cannot be disputed that the testimony of Officer Sorci as to the property taken from the victim is hearsay. Where a witness has no knowledge of the facts but his knowledge is derived entirely from information given by another, his testimony is incompetent and inadmissible as hearsay. (*People v. Turner*, 91 Ill.App.2d 436, 235 N.E.2d 317; *People v. Colegrove*, 342 Ill. 430, 174 N.E. 536.) The State acknowledges that the testimony of Officer Sorci in this regard was hearsay, but argues that evidence of the property taken from the victim was properly admissible.

Initially the State contends that the $4 recovered from defendant Was was introduced into evidence, without objection, as the money taken from the victim. Our perusal of the record indicates that Officer Scavone identified the $4 as the money recovered from Was; not, as the State argues, as the property taken from the victim. At the close of the State's case, this money was introduced into evidence. The introduction of this

evidence, alone, does not establish that it was taken from the victim. The sole evidence in the record indicating that it was the property of the victim is the hearsay testimony of Officer Sorci on his redirect examination.

■■ Secondly, the State contends that the statements made by the victim at the police station are admissible under the "spontaneous declaration" exception to the hearsay rule. Officer Sorci testified that at the police station, approximately 20 minutes after the occurrence, the victim stated that he was robbed of $4 and a pack of cigarettes. A statement is admissible as a spontaneous declaration under certain conditions: (1) an occurrence sufficiently startling to produce a spontaneous and unreflecting statement; (2) absence of time to fabricate; and (3) the statement must relate to the circumstances of the occurrence. (*People v. Poland,* 22 Ill.2d 175, 174 N.E.2d 804.) We are of the opinion that the statements of the victim made at the police station in the course of a routine police investigation, cannot be said to have been a spontaneous reflection upon the occurrence as to fall within the spontaneous declaration exception to the hearsay rule.[1] See *People v. House,* 69 Ill.App.2d 324, 217 N.E.2d 566.

The State next contends that any error in the admission of the hearsay testimony as to the property taken from the victim was waived by defendants. During the State's case the prosecutor endeavored to elicit this hearsay testimony in redirect examination of Officer Scavone on two occasions and from Officer Sorci on one occasion. Each time defense objections were sustained. Finally, Officer Sorci was again questioned as to the victim's statement, and defense counsel objected on the grounds that the State had not laid a "foundation." The witness then testified as to where and when the victim made the statement and who were present at the time of the statement, and proceeded to relate, without objection, the victim's statement that $4 and a pack of cigarettes were taken from his person. The State refers us to cases which hold that an objection based upon a specific ground waives all grounds not specified. *People v. Canaday,* 49 Ill.2d 416, 275 N.E.2d 356; *People v. Washington,* 23 Ill.2d 546, 179 N.E.2d 635.

---

[1] We agree with the State that the statement of the victim at the scene (that defendant was had robbed him) falls within the spontaneous declaration rule, and was properly admissible. We also note that the victim's identification of defendant Talkowski at the police station does not fall within this rule, and that the officers' testimony as to this statement by the victim was inadmissible hearsay. (*People v. Dial,* 95 Ill.App.2d 345, 238 N.E.2d 122.) However, in view of the fact that both police officers identified defendant Talkowski as one of the persons they observed accosting the victim, we are of the opinion that defendant Talkowski was not unduly prejudiced by the introduction into evidence of this particular hearsay testimony.

We have carefully studied the record in this case and we note that defense counsel repeatedly objected to testimony relating to statements made by the victim as to the identification of defendants. The trial judge in each instance overruled these objections for the reason that each defendant was present when the statements were made. This was error. As stated by the supreme court in *People v. Carpenter,* 28 Ill.2d 116, 121, 190 N.E.2d 738:

> "The fundamental purpose of the hearsay rule was and is to test the real value of testimony by exposing the source of the assertion to cross-examination by the party against whom it is offered. While the administration of an oath and the right of confrontation are also spoken of as necessary elements, the essential feature, without which testimonial offerings must be rejected, is the opportunity for cross-examination of the party whose assertions are offered to prove the truth of the act asserted. [Citations.] If this requirement is met, * * * the presence or absence of the defendant is immaterial."

In view of the fact that the trial judge apparently believed that statements of the victim were admissible if made in the presence of defendants, it would seem to have been futile for defense counsel to again have objected to the testimony of Officer Sorci on grounds of hearsay. By objecting on the grounds that a "foundation" had not been laid (that the officer had not testified that defendants were present at the time of the statement by the victim), defense counsel, in our view, was merely acceding to the court's interpretation of the rules of evidence and we cannot in all fairness hold defendants to have waived objection to this hearsay testimony.

Finally, the State asserts that assuming, *arguendo,* that the victim's statement was improperly introduced into evidence, the officers' testimony, alone, is sufficient to sustain defendants' convictions. The officers testified that they observed defendants forcibly drag the victim into an alley, and they observed defendant Was rifling through the victim's pockets while defendant Talkowski held him. This testimony is sufficient to establish the identity of the victim's attackers and is sufficient to prove beyond a reasonable doubt that force was employed by defendants. However, this testimony, alone, does not establish that property was taken from the victim. Moreover, the statement of the victim at the scene that defendant Was "robbed him" is not sufficient to prove that property of value was taken. Because hearsay testimony was the sole evidence as to an essential element of the crime or robbery, we are constrained to conclude that defendants were not proven guilty beyond a reasonable doubt of the offense of robbery.

■■ However, the competent evidence offered by the police officers does establish that defendants are guilty beyond a reasonable doubt of the offense of attempt robbery. (Ill. Rev. Stat. 1971, ch. 38, par. 8—4.) Pursuant to the power vested in this court by Supreme Court Rule 615 (b)(3) we reduce defendants' convictions to attempt robbery. (Ill. Rev. Stat. 1971, ch. 110A, par. 615(b)(3); *People v. Borden,* 84 Ill.App.2d 442, 228 N.E.2d 248.) In view of our disposition of this appeal we remand this cause to the trial court for resentencing of defendants.

Judgments modified; remanded with directions.

LEIGHTON and DOWNING, JJ., concur.