THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CLINTON ROBINSON, a/k/a Tommy Harrison, Defendant-Appellant.

First District (2nd Division)    No. 79-2191

Opinion filed January 13, 1981.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Joel A. Stein, and James G. Lieberman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Defendant Clinton Robinson was charged by information with one count of burglary (Ill. Rev. Stat. 1977, ch. 38, par. 19—1), one count of armed violence (Ill. Rev. Stat. 1977, ch. 38, par. 33A—2), and one count of armed robbery (Ill. Rev. Stat. 1977, ch. 38, par. 18—2) as to each of four victims. After a bench trial, the trial court found defendant guilty of two of the armed robbery counts. He was sentenced to serve eight years for each conviction, terms to run concurrently. Defendant appeals, asking this court only to determine whether one of the armed robbery convictions can stand in light of that victim's testimony that she was not deprived of any property by defendant during the occurrence which formed the basis of the charges.

In the early morning hours of September 3, 1978, five persons were in an apartment at 1957 South St. Louis Avenue, Chicago, playing cards. Those five were Roy Taylor, Ora Taylor, Gloria Perkins, Bridgett King, and the apartment's owner, Jacqueline Williams. A knock was heard at the door, and Ms. Williams let in Sonny Polk, an acquaintance. After

walking around for a few minutes, Polk said he was ill and walked to the back door. He let in defendant, who walked up to the group carrying a shotgun. Defendant announced that it was a "stick-up" and told the card-players to put their money on the table.

Roy Taylor testified that all of the persons present complied with the order, and that Polk picked up the money, searched only Roy Taylor, and soon thereafter left with defendant.

Ora Taylor testified that none of the persons complied with the order, but instead stated that they didn't have any money. Polk then searched each of them and took money from "everybody but me [Ora]." Polk and defendant then left.

Gloria Perkins related that Polk took money from her, King, Williams, and Roy Taylor. She did not mention that money was taken from Ora Taylor. According to Perkins, Polk and defendant then left the apartment.

Neither Williams nor King testified at the trial, and the court entered findings of not guilty on the counts of armed robbery relating to those two victims. The court entered a finding of guilty as to the armed robbery counts relating to Gloria Perkins and Ora Taylor. (Defendant was never charged with the armed robbery of Roy Taylor.)

I

Defendant contends that since victim Ora Taylor did not testify that she was deprived of property by defendant during the robbery, his conviction of armed robbery as to that victim must be vacated.

■■ A person commits armed robbery when he *takes property* from the person or presence of another by the use of force or by threatening the imminent use of force while armed with a dangerous weapon. (See Ill. Rev. Stat. 1977, ch. 38, par. 18—2.) The offense of robbery is complete when force or threat of force causes the victim to part with possession or custody of property against his will. (*People v. Smith* (1980), 78 Ill. 2d 298, 303, 399 N.E.2d 1289.) It is thus obvious that a critical element of the offense of robbery is that the victim be deprived of some property through the actions of the perpetrator.

Here, the victim did not testify that she was deprived of any material possession during the course of the robbery which could properly be characterized as "property." Rather, she explicitly stated that Polk, acting in concert with defendant, took money from "everybody except me." This testimony is corroborated by victim Perkins, who also related that Polk took money from her, "Bridgett, Jackie, and Roy." No mention is made by Perkins that Polk took anything from Ora Taylor.

Arguing in support of the trial court's judgment that defendant was

guilty of robbing Ora Taylor, the State relies upon the testimony of Roy Taylor. The relevant portions are set forth below:

"Q: Did anybody put their money on the table?
A: Yes.
Q: Did you put money on the table?
A: Yes.
Q: What did you put on the table?
A: About $25.
Q: Did you notice anybody else put money on the table?
A: All of us.
Q: Meaning who?
A: The four people in the house.
Q: Everybody that you previously mentioned?
A: Yes."

According to the State, this testimony is "clear, convincing, and credible testimony" that defendant robbed Ora Taylor despite the testimony of the victim herself to the contrary, and that the trial court therefore correctly convicted defendant of that crime.

We cannot agree. It is, of course, indisputable that the trial court is in the best position to assess the credibility of witnesses and resolve conflicts in the evidence. We believe it would be unreasonable to determine that the vague generalities stated by Roy Taylor in describing the crime merit greater credibility than the testimony of the victim herself, which is quite specific, as well as the conforming testimony of another victim of the robbery, also quite specific. Analysis of the trial court's statements in passing judgment gives no indication that the trial court was explicitly accepting the testimony of Roy Taylor and rejecting that of Ora Taylor or Perkins. Rather, it appears that the trial court was convinced that defendant had committed the robbery (of which there is no dispute here), and that judgment on charges for that crime should be entered against him as to those persons who testified at trial and who were named as victims in counts of the information. However, since the record heavily supports the conclusion that victim Ora Taylor was not, in fact, deprived of any property by defendant, one of the crucial elements of the crime of robbery is lacking and defendant's conviction on the count as to victim Ora Taylor must be vacated.

■■ Arguing in the alternative, the State asserts that this court should reduce the degree of defendant's conviction from armed robbery to attempt armed robbery. This contention has merit. Attempt armed robbery consists of the intent to commit armed robbery plus an act constituting a substantial step toward the commission of that offense. (*People v. Walters* (1979), 69 Ill. App. 3d 906, 912-13, 387 N.E.2d 1230,

*appeal denied* (1979), 75 Ill. 2d 594.) Under Supreme Court Rule 615(b)(3) (Ill. Rev. Stat. 1979, ch. 110A, par. 615(b)(3)), this court is vested with the authority to reduce the degree of the offense of which defendant is convicted. The record in this case, taken as a whole, indicates that Ora Taylor, as well as the others, was searched for money. Thus, it establishes beyond a reasonable doubt that defendant was guilty of attempt armed robbery. Defendant's conviction on the count as to Ora Taylor is therefore reduced to a conviction for that offense. See *People v. Was* (1974), 22 Ill. App. 3d 859, 866, 318 N.E.2d 309.

For the above reasons, we take the following action on this case. Defendant's conviction and sentence for the armed robbery of Gloria Perkins are affirmed. The conviction and sentence for the armed robbery of Ora Taylor are vacated, and we instead enter a conviction of defendant for the attempt armed robbery of Ora Taylor. The case is remanded to the circuit court of Cook County solely for resentencing of defendant upon this modified conviction for attempt armed robbery.

Affirmed in part; conviction modified in part; remanded for resentencing.

HARTMAN, P. J., and STAMOS, J., concur.