THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HOWARD ROBERT McHERRON, Defendant-Appellant.

First District (1st Division)   No. 81—2746

Opinion filed July 18, 1983.

James J. Doherty, Public Defender, of Chicago (Timothy J. Chambers and Judith A. Stewart, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Marie Quinlivan, and Thomas Wood Flynn, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

Following a jury trial, defendant Howard Robert McHerron was convicted of aggravated kidnaping, home invasion, burglary, five counts of armed robbery and five counts of unlawful restraint. Prior to sentencing, the trial court vacated the burglary conviction and the convictions on the five counts of unlawful restraint. Defendant was sentenced to a term of 20 years on each armed robbery charge, 20 years for home invasion, and 15 years for aggravated kidnaping, the sentences to run concurrently.

On appeal, defendant contends that: (1) the State's use of peremptory challenges to exclude all blacks from the jury violated his right to a fair trial; and (2) no evidence exists to support two of the five armed robbery convictions.

The relevant evidence adduced at trial reveals as follows. On July 18, 1980, at approximately 4 a.m., John Rodgers, Jr. (Rodgers), was forcibly stopped by defendant and two other assailants at 47th and Prairie in Chicago. Defendant and the two unknown assailants were armed with guns and, after taking Rodgers' money, wallet, watch and a ring, forced Rodgers to take them to his family's apartment. Rodgers, defendant and the two other men entered the apartment and found Rodgers' mother, his two sisters Lorraine and Robin, and their boyfriends Clifford Wilks and Jerome McClendon inside. Once inside the apartment, defendant and his two accomplices, still armed with guns, proceeded to search the apartment and all of the occu-

pants. They took numerous items of property, including $1,400 in cash, a .32-caliber revolver, a television, a stereo, jewelry and clothes.

## I

■ Defendant first contends on appeal that through the use of peremptory challenges to exclude blacks from the jury, the State denied him his constitutional right to an impartial jury drawn from a representative cross-section of the community. Defendant argues that of the 12 prospective black jurors, two were challenged for cause, one served as an alternate but did not participate in the deliberations, and the other nine were peremptorily challenged by the State. Defendant asserts that the nine prospective black jurors were eliminated solely because of their race and that his conviction must therefore be reversed under the holding in *People v. Payne* (1982), 106 Ill. App. 3d 1034, 436 N.E.2d 1046. *Payne*, decided by the third division of the First District Appellate Court, held that the use of peremptory challenges by the State to exclude blacks from a jury during *voir dire* because they are black is a violation of a defendant's right to a jury drawn from a fair cross-section of the community. 106 Ill. App. 3d 1034, 1037, 436 N.E.2d 1046.

Defendant's argument must fail, however, in light of the recent supreme court decision in *People v. Williams* (1983), 97 Ill. 2d 252. In *Williams*, the court rejected the same constitutional argument raised by defendant in this case and specifically declined to follow the *Payne* decision.[1] Instead, the *Williams* court held that proof of a systematic and purposeful exclusion of blacks from juries in case after case because of race is required before a prosecutor's use of peremptory challenges could be found to violate a defendant's right to a fair and impartial jury. In reaching its decision, the supreme court stated:

> "In *People v. Davis* (1983), 95 Ill. 2d 1, we rejected a contention by the defendant that the State's exercise of peremptory challenges which resulted in an all-white jury deprived the defendant of a fair and impartial jury. We noted that the contention was contrary to *Swain v. Alabama* (1965), 380 U.S.

[1]The *Williams* court recognized that the third division of the First District Appellate Court followed *Payne* in the subsequent cases of *People v. Gilliard* (1983), 112 Ill. App. 3d 799, 445 N.E.2d 1293, and *People v. Gosberry* (1982), 109 Ill. App. 3d 674, 440 N.E.2d 954. It noted, however, that *Payne* had been considered and rejected by two other divisions of the court in *People v. Newsome* (1st Dist., 2d Div., 1982), 110 Ill. App. 3d 1043, 443 N.E.2d 634, and *People v. Teague* (1st Dist., 1st Div., 1982), 108 Ill. App. 3d 891, 439 N.E.2d 1066. *People v. Williams* (1983), 97 Ill. 2d 252, 275.

202, 13 L. Ed. 2d 759, 85 S. Ct. 824, in which the Supreme Court held that an exercise of peremptory challenges which resulted in the selection of a jury composed of white jurors did not of itself show a constitutional violation. Under *Swain*, a constitutional issue of equal protection could not arise unless there was a systematic and purposeful exclusion of blacks because of race from juries in case after case. 380 U.S. 202, 223, 13 L. Ed. 2d 759, 774, 85 S. Ct. 824, 837." 97 Ill. 2d 252, 274.

In the case at bar, defendant has failed to show a systematic and purposeful exclusion of blacks from the jury, as required under *Williams*. In the absence of such a showing, defendant's contention that he was deprived of his constitutional right to a fair trial is without merit.

## II

■■ ■ Defendant next contends that two of his five armed robbery convictions should be reversed because there was no proof that anything was taken from Lorraine Rodgers or Jerome McClendon. We agree.

Armed robbery is the taking of property from the person or presence of another by the use of force while armed with a dangerous weapon. (*People v. Ditto* (1981), 98 Ill. App. 3d 36, 38, 424 N.E.2d 3; Ill. Rev. Stat. 1979, ch. 38, par. 18—2.) Whether there was a taking from the person or presence of another is a question of fact to be decided by the jury; the jury's determination will not be disturbed on review unless the evidence presented is so unsatisfactory or improbable as to raise a reasonable doubt of defendant's guilt. *People v. Smith* (1979), 69 Ill. App. 3d 704, 711-12, 388 N.E.2d 184.

■ Here, we find insufficient evidence for the jury to conclude that a taking had occurred with regard to Lorraine Rodgers and Jerome McClendon. The record reveals that Lorraine was in the living room when defendant and the others entered. She was told to lie on the floor and was searched. At trial, when asked if anything was taken from her during the search, Lorraine responded, "No, not right then." Moreover, Rodgers testified that nothing was taken from his sister Lorraine, and Clifford Wilks stated that he did not know if anything was taken from Lorraine.

Similarly, although Jerome McClendon did not testify at trial, the record discloses that he also was told to lie on the living room floor and was searched, that Rodgers testified nothing was taken from him, and that Lorraine testified "nothing happened to Jerome."

Upon this sole evidence, the State clearly failed to establish that a

taking from Lorraine Rodgers or Jerome McClendon occurred, one of the critical elements of the offense of armed robbery. (See *People v. Robinson* (1981), 92 Ill. App. 3d 397, 416 N.E.2d 65.) Accordingly, we believe the evidence was so unsatisfactory as to create a reasonable doubt of defendant's guilt and, therefore, his armed robbery convictions relating to these two individuals are reversed. See *People v. Smith* (1979), 69 Ill. App. 3d 704, 711-12, 388 N.E.2d 184.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed in part, and reversed in part.

Affirmed in part; reversed in part.

McGLOON and GOLDBERG, JJ., concur.