---

(No. 12841.—Judgment reversed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* TIM JONES, Plaintiff in Error.

*Opinion filed December 17, 1919.*

1. CRIMINAL LAW—*the distinction between robbery and larceny.* Robbery is the felonious and violent taking of money, goods or other valuable thing from the person of another by force or intimidation, which is the gist of the offense, but private stealing from the person is declared by the statute to be larceny; and it is the duty of the courts to enforce this distinction.

2. SAME—*what does not constitute robbery.* Robbery is not committed by the taking of a pocket-book from the pocket of a drunken man, where the accused used no violence until after the theft had been accomplished, when he struck his victim for accusing him of the theft.

WRIT OF ERROR to the Circuit Court of Montgomery county; the Hon. THOMAS M. JETT, Judge, presiding.

JOHN E. HOGAN, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, J. EARL MAJOR, State's Attorney, and SUMNER S. ANDERSON, (J. D. WILSON, of counsel,) for the People.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

At the November term, 1918, of the circuit court of Montgomery county the grand jury returned an indictment against Tim Jones and Charles Peppard, charging them in two counts with assaulting William Kehl and by force and intimidation robbing him of $70. The indictment also contained two counts for larceny. The defendants were placed on trial and at the close of the People's evidence a *nolle* was entered as to Peppard. At the close of all the evidence the court required the State's attorney to elect upon which counts he would ask a conviction, and he elected the counts charging robbery. The jury found the defendant, Tim Jones, guilty of robbery, and he has sued out a writ of error to reverse the judgment entered on the verdict.

The plaintiff in error contends that the evidence is insufficient to prove his guilt beyond a reasonable doubt, and that if any crime was proved to have been committed it was not robbery but larceny.

The evidence shows that the prosecuting witness, William Kehl, who was a concrete worker and had come to Illinois from Michigan in March, 1918, and had afterward worked for periods varying from a few days to a few weeks at Peoria, Bloomington, Hudson and Raymond, in this State, having previously arranged for work on an elevator being constructed in Nokomis came to that place on September 16, 1918, arriving about ten o'clock in the morning. He soon afterward went to Sam Lapaski's saloon and spent most of the rest of the day and evening there until nine or ten o'clock, drinking whisky, wine and beer, treat-

ing the crowd, matching half dollars, giving money to a
man and a boy, buying chances in a raffle and becoming
very drunk.  Jones, Peppard and Lon DeWitt, who were
all strangers to Kehl, were in the saloon after supper and
drank with him at his expense.  He finally fell on the floor,
and as he had procured no lodging place these three went
with him to a hotel to get a room.  He sat down or fell
down on the porch and did not get a room.  The four then
started back across the railroad, DeWitt on one side of
Kehl and Jones on the other helping him, and at the rail-
road track Kehl again fell down or sat down.  Kehl tes-
tified that at the railroad crossing Jones slipped his hand
in Kehl's hip pocket and took the latter's pocket-book, in
which was his money; that Kehl said to Jones, "You have
my pocket-book," and then Jones hit him over the eye and
"knocked him out."  DeWitt testified that Kehl sat down
on a pile of ties and was going to lie down.  DeWitt and
Jones went to pick him up, Jones taking hold of one side
and DeWitt the other, and as they started to raise him up
Jones put his hand in Kehl's pocket, took the latter's pocket-
book out and shoved it in Jones' pocket.  Then Kehl said,
"You have got my pocket-book," and Jones called Kehl a liar
and hit him.  Jones denied taking the pocket-book or money,
and Peppard did not see him take the pocket-book or put
his hand in Kehl's pocket, though there was a scuffle at the
railroad crossing, where Kehl lay down.  The evidence dis-
closes nothing further as to the pocket-book or money.

Robbery is the felonious and violent taking of money,
goods or other valuable thing from the person of another
by force or intimidation, and is punishable by imprisonment
in the penitentiary not less than one year nor more than
fourteen years.  Private stealing from the person is declared
by the statute to be deemed larceny, and is punishable, if
the property stolen exceed $15 in value, by imprisonment
in the penitentiary not less than one year nor more than
ten years.  The statute makes the distinction and it is the

duty of the courts to enforce the statute. The distinction is, that while any felonious stealing of the personal goods of another is larceny, it is necessary to constitute robbery that the taking be by force or intimidation. The force or intimidation is the gist of the offense, and the crime of robbery is not committed unless the property stolen is taken from the person by force or intimidation. (*Burke* v. *People,* 148 Ill. 70; *Hall* v. *People,* 171 id. 540.) In the latter case Hall unbuttoned his victim's vest and took the pocket-book from his inside vest pocket, using no more force than the mere physical effort of taking the pocket-book from the victim's pocket and transferring it to his own, and the court said that if that is robbery then no practical distinction between that crime and larceny from the person exists. The owner's power to retain his property must be overcome by the use of actual violence or by fear. (*People* v. *Ryan,* 239 Ill. 410.) In *People* v. *Campbell,* 234 Ill. 391, it was held that the force required to tear a diamond stud from the wearer's shirt front, to which it was attached by a spiral pin, and the struggle to retain the pin, constituted the taking robbery. In the present case the incriminating evidence tended to show only a stealthy taking of the pocket-book from Kehl's pocket and transferring of it to Jones' pocket. The evidence excluded any attempt to use violence. There was no evidence of a struggle to retain possession of the pocket-book but only an accusation of the theft after it occurred, which the plaintiff in error resented by assaulting the accuser. The actions of the plaintiff in error as testified to were those of a pick-pocket and not of a highwayman.

Under the evidence the plaintiff in error was not guilty of the crime of robbery, and the judgment must be reversed.

*Judgment reversed.*