People of the State of Illinois, Plaintiff-Appellee, v. Henry Bradley Robertson, Defendant-Appellant.

Gen. No. 10,761.

Fourth District.

September 8, 1966.

Russell R. Goehl, Public Defender of Adams County, of Quincy, for appellant.

Donald G. Adams, State's Attorney of Adams County, of Quincy (Robert J. Bier, Assistant State's Attorney, of counsel), and William G. Clark, Attorney General, of Springfield (Fred G. Leach, of counsel), for appellee.

SMITH, J.

Defendant appeals from a judgment entered on the verdict sentencing him to 7–14 years in the penitentiary for robbery. His single contention in this court is that the court erred in denying a new trial where four jurors read an article in the evening newspaper containing some material which would have been inadmissible if offered as evidence. The jury stated on interrogation by the court that they had formed no opinion of guilt from anything contained in the article and were both admonished and instructed on the subject. We have had occasion to discuss the problems this presented in People v. John R. Cox, 74 Ill App2d 342, 220 NE2d 7, opinion filed today, and reference is made to our observations contained therein. In the light of the views there expressed, we turn to the facts in this case.

The article appeared on the society page of the evening paper on the first day of the trial. It read as follows:

"Selection of Jury Started in Hold-up Case—Selection of a jury was started in Circuit Court Monday

to try Henry Bradley Robertson, 49, an ex-convict, on a robbery charge. He is accused of holding up Charles Behymer, bartender in Louise's Corner Tavern, at 2346 State January 19 and obtaining $20.40.

"The bandit fled in a truck, but the license numbers were obtained and Hannibal (Mo.) police arrested Robertson on request of Quincy police. Robertson refused to waive extradition, but extradition papers were honored by the Governors of Missouri and Illinois. He has been in the county jail. When arrested Robertson gave his address as 210 Lafayette, Palmyra, Mo."

The following morning defendant moved for a mistrial. On interrogation four jurors admitted reading the article. Each was asked whether he had formed any opinion as to guilt from the reading of the article and answered in the negative. The court then admonished the jury that they were to be uninfluenced by public opinion or detracting outside influences of any kind or character. He then said:

"... I will ask the jury to respect your obligation as jurors and to purposely avoid reading anything concerning this trial. May I have your assurance that you will avoid reading anything about it. The court observes that each of the jurors are nodding. Motion denied. You may proceed."

██ Other than the reference to "ex-convict" and resistance to the extradition, there was otherwise in the evidence from the testimony of witnesses that the truck involved bore a Missouri license; that witnesses went to Missouri to identify the defendant; that the Hannibal, Missouri police had been alerted and caught defendant and his companion as they came across the bridge. Defendant's companion in the truck testified. It is patent

from this record that they were leaving the state. We think this record is closely akin to People v. Taylor, 32 Ill2d 165, 204 NE2d 734 (1965) and the conclusion reached there should obtain here, i. e., that the newspaper articles did not deprive the defendant of his right to a fair trial. The circumstances here do not come close to the inflammatory nature of the newspaper articles considered in People v. Hryciuk, 5 Ill2d 176, 125 NE2d 61; People v. Kenzik, 9 Ill2d 204, 137 NE2d 270, and People v. Murawski, 394 Ill 236, 68 NE2d 272, where the jury was not admonished by the court. The defendant is entitled to a fair trial but not to an immaculate trial. The interrogation of the jury tends to negate any undue influence. While not conclusive, it is properly considered along with the nature and character of the statements themselves. People v. Malmenato, 14 Ill2d 52, 150 NE2d 806. Malmenato suggests that before a trial court can be said to have abused its discretion in the denial of a new trial, it must reasonably appear from the nature and character of the newspaper article itself, or from the interrogation of the jurors, or from all the circumstances in the case in the aggregate that the jurors, or at least some of them, have been so influenced or prejudiced that they could not be fair and impartial. Such evidence is wholly lacking in this case. The trial court indubitably felt that the defendant had a fair trial. There is no basis in this record for us— who were not on the stage as the scene unfolded—to find that he abused his discretion in denying the motion for a new trial. See People v. Brinn, 32 Ill2d 232, 204 NE2d 724. Judgment affirmed.

Affirmed.

TRAPP, P. J., concurs.

CRAVEN, J., dissents.