THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES ALBERT KENNEDY, Defendant-Appellant.

(No. 11853;

Fourth District—March 27, 1973.

Roger W. Thompson, Public Defender, of Lincoln, for appellant.

Gary L. Hinman, State's Attorney, of Lincoln, (John A. Beyer, Assistant State's Attorney, and Bruce Brown, Senior Law Student, of counsel,) for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeal his conviction of robbery following a bench trial. Sentence of one to three years was imposed. The issue made upon appeal is that defendant was not guilty of robbery because the force was used after he had obtained possession of the money.

There is no issue concerning the facts. One Welch was alone as an attendant of a service station when defendant walked in in such manner as to indicate that he was drunk. While defendant was in the restroom, Welch took some coins from the safe, closing its door but not locking it, and went outside the office to put change into a vending machine. This chore takes between one to two minutes. Defendant stood in the door of the station and told Welch that a friend needed help with his car. Welch did not leave the station. When Welch finished his work at the vending machine, he reentered the office to find defendant kneeling in front of the safe with the door open. Defendant closed the safe door and walked into the adjoining garage. Welch opened the door, saw that rolls of coins were missing and immediately followed defendant into the garage portion of the building where he demanded the return of the money. Upon immediate repetition of the demand, defendant struck Welch with a soft drink bottle knocking him down and defendant escaped.

■■ Ill. Rev. Stat. 1969, ch. 38, par. 18—1, defines robbery as the taking of property from the person or presence of another by the use of force, or threat of imminent use thereof.

Defendant argues that the money was taken out of the presence of Welch and "had to have occurred without Welch's knowledge", and that the taking was accomplished before the use of force. In substance, he contends that the use of force was to effect his escape rather than to obtain the loot. Defendant relies essentially upon *People v. Jones,* 290 Ill. 603, 125 N.E. 256 and *People v. O'Connor,* 310 Ill. 403, 141 N.E. 748. Such cases essentially consider robbery in terms of force in taking from the person. In *O'Connor,* the intoxicated victim was apparently struck by an automobile and as he lay in the street, his wallet was snatched from his pocket. The court there found the victim's testimony incredible as to his hearing voices threatening to kill him. There was no other evidence

of a forceful taking. In *Jones*, the intoxicated victim's pocket was picked by one of those carrying him. As the victim sat on the ground, he accused defendant of taking his wallet, and thereupon was struck. There was no evidence that the victim was seeking to obtain or regain his wallet. The opinion in *Jones* did not refer to *People v. Ryan*, 239 Ill. 410, 88 N.E. 170 and *People v. Campbell*, 234 Ill. 391, 84 N.E. 1035, which described robbery in terms of a struggle of the owner to keep possession of the property, and the overcoming of the power of the owner to retain the property.

■■ The statute in its present form embodies the offense as described in *People v. Braverman*, 340 Ill. 525, 173 N.E. 55. There the manager of a drug store was compelled to open the safe and then locked in a back room. Money was taken from the safe. Defendant contended that there was a failure to prove that the money was taken from the person by force. The court held, however, that it was not necessary that the property be in the immediate presence of the custodian. The court said:

> "The requirement was that the property should be in the possession or under the control of the individual robbed in such a way or to such an extent that violence or putting in fear was the means used by the robber to take it."

The issue in this case is controlled by *People v. Chambliss*, 69 Ill.App. 2d 459, 217 N.E.2d 422; *People v. Brown*, 76 Ill.App.2d 362, 222 N.E.2d 227, and *People v. Heller*, 131 Ill.App.2d 799, 267 N.E.2d 685. In *Chambliss*, the victim's wallet was snatched from his rear pocket as he left the tavern. He started to pursue the defendant but an accomplice threw him to the ground so that his leg was broken. It was contended that there was no use of force to sustain a charge of robbery. The court cited *Ryan* and *Campbell* and noted the victim's lawful right to recover the snatched wallet. In *Brown*, the victim was asleep and his wallet was filched. He awoke and was struck as he reached for his property. Again, it was contended that there was no robbery as force was used after defendant had obtained the wallet. That opinion concluded that the series of events instituted but a single incident making up the offense of robbery. The record is clear that force was used to complete the taking of the money from the possession and custody of its custodian, and was a means used to accomplish such taking. In *People v. Heller*, 131 Ill.App. 2d 799, 267 N.E.2d 685, it was concluded that while the taking may be without force, the offense is robbery if the departure with the property is accomplished by the use of force.

The judgment is affirmed.

Affirmed.

CRAVEN, P. J., and SMITH, J., concur.