THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
OTTEY DITTO, Defendant-Appellant.

First District (1st Division)    No. 79-1537

Opinion filed June 22, 1981.

James J. Doherty, Public Defender, of Chicago (R. H. R. Silvertrust, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Joel A. Stein, and Susan Ruscitti Grussel, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Defendant, Ottey Ditto, was found guilty of armed robbery, burglary, theft, and armed violence after a jury trial in the circuit court of Cook County. (Ill. Rev. Stat. 1977, ch. 38, pars. 18—2, 19—1, 16—1(a)(1), 33A—2.) He was sentenced to three concurrent terms of 18 years for the armed robbery, 12 years for the burglary, and eight years for the theft. Judgment was not entered on the verdict related to armed violence.

The issues presented for review are: (1) whether the State failed to establish defendant's guilt beyond a reasonable doubt for the offense of armed robbery; (2) whether defendant's conviction for armed violence must be reversed because it is premised upon the same physical act as his conviction for armed robbery; and (3) whether the prosecutor made remarks during his closing argument which deprived the defendant of a fair trial.

For the reasons set forth herein, the judgment of the circuit court is affirmed.

Prior to trial and without objection from the defendant, the State was permitted to amend the information and strike from count one the words "two jackets and suitcases, with the intent of a permanent deprivation of the use of this property"; from count three the words "jackets, and suitcases"; and from count four the words "two jackets, [and] suitcase." Before resting, the State successfully moved, over defendant's objection, to again amend the information "to conform with what the evidence showed" by striking the words "United States Currency" and "a watch" from count one, and by reinserting the word "(a) suitcase" into counts one, three and four.

At the trial the testimony of the State's witnesses revealed that the complainant Tom Casey was dropped off in the alley behind his apartment at 4458 Linder Avenue by his friend Mike Rogers at approximately 3:40 p.m. on May 19, 1978. Rogers went to park the car, and Casey, who was on crutches, walked down the gangway to his basement apartment. As he entered his apartment, he observed the defendant walking through the kitchen of the apartment carrying Casey's suitcase in his hand. Casey asked the defendant what he wanted and what he was looking for. The defendant responded "get out of my way and let me go." Defendant struck Casey, and a fight ensued in the doorway to the apartment and during the fight the defendant dropped the suitcase. Casey called to Rogers for help, and the two of them subdued the defendant. Rogers went to call the police and the defendant broke loose. Fighting began again, and the defendant pulled out a screwdriver and stabbed Casey several times in the face and back. Casey again called to Rogers for help; Rogers returned, saw the defendant stabbing Casey, and took the screwdriver away from the defendant. Rogers went a second time to call the police; the defendant broke loose again, jumped the back fence, and ran down the alley. As Rogers pursued him, defendant threw a braketool at him. Defendant ran to a waiting van and asked a girl inside where his gun was. Defendant then got into the van and drove away. Rogers and Casey noted the license number of the van which led to the arrest of the defendant. When Casey inspected his apartment he noticed that several items were missing: two lamps, four coats, $500 in cash, an antique gold watch, two television sets, and a ring. He also noticed that his dresser drawer had been dumped. Casey and Rogers both testified that they did not see the defendant with any of the items reported missing. Defendant moved for a directed verdict, arguing that the evidence did not make out a case for armed robbery or armed violence. The motion was denied.

On appeal the defendant contends that he was not found guilty beyond a reasonable doubt of the offense of armed robbery. He argues that the suitcase he had in his hand at the time Casey encountered him inside Casey's apartment had been taken outside the presence and person of Casey, and hence there was no robbery.

The State argues that the evidence established that the defendant committed one continuous act when he took the victim's suitcase and struck the victim in the face and in the back with a screwdriver. In support of its position, the State points to the uncontradicted testimony of the victim that defendant's presence in the apartment was unauthorized, that at the time the defendant was encountered by the victim he was carrying the victim's suitcase, and that when the victim tried to regain possession of his property he was stabbed by defendant in the face and back with a screwdriver which the defendant carried on his person. The State also points to the uncontradicted testimony of the victim that 30 minutes prior to his encounter with the defendant, he had left his apartment intact; and, that an inspection of the apartment immediately after the encounter revealed that many other items had been taken from their customary place, and were no longer in the apartment.

The State claims that in weighing all the evidence, the jury could have reasonably believed that at the time the victim discovered the defendant in his apartment carrying his suitcase, that the defendant was in the midst of but one of a series of trips to the victim's apartment, and that defendant had already carried away the watch, the jackets, the lamps, the cash, and the television sets; and, that the jury could also have reasonably believed that, but for the intervention of the victim, the defendant would also have carried away Casey's suitcase. Thus, the jury may have believed that the defendant's actions constituted one continuous incident from his first encounter with the victim until he made his escape.

A person commits armed robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force while armed with a dangerous weapon. (*People v. Withers* (1979), 69 Ill. App. 3d 568, 387 N.E.2d 1007; *People v. Olmos* (1978), 67 Ill. App. 3d 281, 384 N.E.2d 853; *People v. Kennedy* (1973), 10 Ill. App. 3d 519, 294 N.E.2d 788; Ill. Rev. Stat. 1977, ch. 38, par. 18—2.) Moreover, the Illinois Supreme Court has held that a robbery is complete when property is moved from its customary location with the intent to deprive the owner of the property, even though escape with the property is thwarted. (*People v. Baker* (1936), 365 Ill. 328, 6 N.E.2d 665; *People v. Campbell* (1908), 234 Ill. 391, 84 N.E. 1035; *People v. Withers*.) The question of whether the offense is robbery when the initial taking is accomplished without force has also been passed on by the Illinois courts. In *People v. Kennedy* (1973), 10 Ill. App. 3d 519, 294 N.E.2d 788, this court found that while the initial taking of the property may be accomplished without force, the offense is robbery if the departure is accomplished by the use of force.

■■ The jury may also have believed that under the circumstances of the

encounter between the defendant and Casey, the screwdriver was used like a knife, and therefore, constituted a dangerous weapon. (*People v. Skelton* (1980), 83 Ill. 2d 58, 414 N.E.2d 455; *People v. Robinson* (1978), 73 Ill. 2d 192, 383 N.E.2d 164; *People v. Dwyer* (1927), 324 Ill. 363, 155 N.E. 316.) The Illinois courts have held that the use of a dangerous weapon will constitute armed robbery if the use of the weapon is part of a single occurrence. (*People v. Olmos; People v. Heller* (1971), 131 Ill. App. 2d 799, 267 N.E.2d 685.) We agree with the State that the proof established that the defendant committed one continuous act when he took the victim's suitcase and struck the victim in the face and in the back with a screwdriver, and that the offense of armed robbery was complete.

The defendant next contends that his conviction for armed violence must be reversed because it is premised upon the same physical act as his conviction for armed robbery. The record indicates that the trial court did not enter judgment and pass sentence on the armed violence verdict. In its brief, the State urges this court to remand for the entry of judgment and sentencing on that verdict; however, we observe from the record that neither party requested the trial court to enter a judgment, and we decline to pass on this issue. *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838; *People v. Olmos.*

■■ Defendant's final contention is that the prosecutor's remarks during closing argument deprived him of a fair trial. In his closing argument the prosecutor told the jury that Casey returned home to find the defendant leaving with some of his property; the prosecutor indicated that the property included the suitcase, the lamp, and a jacket that had already been removed to a van. He told the jury that the money and the watch were on the defendant's person or in the van; and he informed the jury of the elements of burglary, theft, armed robbery, and armed violence. He told the jury that the defendant had tried to gouge out Casey's eye, and that a screwdriver was a deadly weapon. The defendant did not object; nor did defendant raise this issue in his written motion for a new trial. The law in Illinois is well-settled that "a point not raised in a written motion for a new trial is deemed to have been waived and is not subject to review." *People v. Jackson* (1981), 84 Ill. 2d 350, 418 N.E.2d 739; *People v. Touhy* (1964), 31 Ill. 2d 236, 201 N.E.2d 425; *People v. Jones* (1980), 89 Ill. App. 3d 1030, 412 N.E.2d 683.

For the reasons set forth herein, the judgment of the circuit court is affirmed.

Judgment affirmed.

GOLDBERG and O'CONNOR, JJ., concur.