**In re TIMOTHY.**

**No. 81–43–Appeal.**

Supreme Court of Rhode Island.

March 16, 1982.

Anthony F. DelBonis, Sp. Asst. Atty. Gen., for plaintiff.

Scott Umsted, Jr., Newport, for defendant.

## OPINION

SHEA, Justice.

This is an appeal by the defendant, Timothy, a thirteen-year-old juvenile, from an adjudication by the Family Court that he had violated the terms of his probation and that he had committed larceny. The trial justice reinstated a previously suspended one-year sentence to the Rhode Island Training School for a prior robbery offense and prescribed an additional two-year period of probation.

The trial justice found Timothy to be a violator of his probation upon evidence that on November 18, 1980, he had run away from his court-ordered placement at the Ocean Tides School in Narragansett, Rhode Island. The school is a residential educational facility for adolescents. Timothy enrolled at the Ocean Tides on October 31, 1980, following several unsuccessful probationary placements. He was there awaiting a trial on the charge of larceny, which was alleged to have occurred on July 5, 1980.

On appeal, Timothy first contends that the quantum of evidence used to prove his

absence from the Ocean Tides School was insufficient to support the trial justice's conclusion that he had "absented himself" from Ocean Tides "without good and sufficient cause and without permission of the court or his probation counselor." He contends further that the state failed to prove all of the essential elements constituting the crime of larceny against him. We disagree.

We will first consider Timothy's argument that the trial justice erroneously revoked his probation. At a violation hearing the state is not required to prove the violation beyond a reasonable doubt. Instead, a trial justice need only be reasonably satisfied that there has been a violation of probation. Our review of the trial justice's conclusion is limited to a consideration of whether or not he acted arbitrarily or capriciously. *State v. Studman*, R.I., 402 A.2d 1185 (1979).

The only testimony concerning Timothy's absence from Ocean Tides was provided by Daniel Maloney, the principal of the school program at that facility. Mr. Maloney was responsible for the overall supervision of the students and the staff. He testified that Timothy had been enrolled in the school for about two and a half weeks when he was reported missing in the early afternoon of November 18, 1980. He conducted a search of the dormitory, the school building, and the grounds outside. He did not find Timothy. Mr. Maloney informed his supervisor and the probation department that Timothy was missing. He then searched once more for Timothy with the assistance of several staff members. Again Timothy was not found. Mr. Maloney stated he had not seen Timothy again until December 5, 1980, the date of the hearing, and that if Timothy had reported to the school after November 18, 1980, he, as principal, would have learned of it. There was no cross-examination.

Timothy argues that the testimony fails to establish that he actually left the school. There was no testimony from anyone who actually saw Timothy run away. Since the facts were not "inconsistent with innocence," he argues the justice's decision was capricious.

We hold that the uncontroverted testimony of Mr. Maloney was a sufficient basis for the trial justice's conclusion that Timothy violated the terms of his probation. The testimony supported the proper inference drawn by the trial justice that Timothy in fact had run away from the Ocean Tides School. His decision was therefore neither arbitrary nor capricious.[1]

Following the violation hearing, the trial justice conducted a brief trial on the charge of larceny.[2] The evidence consisted solely of an agreed statement of facts contained in the police arrest report. The report recited that on July 5, 1980, the owner of a motor vehicle apprehended Timothy while the young man was sitting in the vehicle in front of the opened glove compartment. Timothy "had in his possession" two religious necklaces, valued at about $10, which had been in the glove compartment. The rest of the compartment's contents were strewn about the car. The trial justice found Timothy guilty of larceny.

Timothy's counsel argues on appeal that there was insufficient evidence of asportation (carrying away) to prove beyond a reasonable doubt that larceny had been committed.

Timothy's characterization of the evidence is that when he was discovered by the vehicle's owner he was merely in the process of inspecting different items for possible theft. He compares his activity to "window shopping" in a "self-service store." Timothy's "momentary possession" of each item

---

1. The trial justice took judicial notice of the papers contained in Timothy's file. He did not specify any matter therein upon which he relied. Among them, however, is a report entered by the staff member who was directly in charge of Timothy on November 18, 1980, which details that Timothy left a parked school van and that the staffer failed to locate him. Timothy's counsel raised no objection to the taking of judicial notice.

2. An accompanying charge of tampering with a motor vehicle was dismissed.

as he picked up, examined and rejected it would therefore not fulfill the requirement of asportation. We find that argument absurd.

Larceny has been defined as the wrongful taking, without right, and carrying away of another's personal property with a felonious intent. *State v. Smith*, 56 R.I. 168, 184 A. 494 (1936). The asportation element is satisfied by any movement, however slight and however brief in its duration, even if the property is ultimately abandoned. *Rainwater v. United States*, 443 F.2d 339 (5th Cir.) *cert. denied*, 404 U.S. 943, 92 S.Ct. 295, 30 L.Ed.2d 258 (1971); *State v. Fischer*, 52 Ohio App.2d 53, 368 N.E.2d 332 (1977). The crime of larceny is completed when a defendant, having possession and control of the property, moves it from its customary location with the intent to deprive the owner of permanent possession, even if his escape with the property is thwarted. *People v. Baker*, 365 Ill. 328, 6 N.E.2d 665 (1936); *People v. Ditto*, 98 Ill. App.3d 36, 53 Ill.Dec. 590, 424 N.E.2d 3 (1981); and *see People v. Alamo*, 34 N.Y.2d 453, 315 N.E.2d 446, 358 N.Y.S.2d 375 (1974).

The record showed the two necklaces to be in Timothy's possession. This fact established his exclusive control over the items, even though his possession was brief and even though he never removed them from the car. The slight movement of the items out of the glove compartment during his unauthorized presence in another's motor vehicle reinforces the inference of his felonious intent and control or possession over the articles. *People v. Baker*, and *People v. Alamo*, both *supra*. Intent and possession are the elements of the crime which the opinion writers stress over the element of asportation. *People v. Olivo*, 52 N.Y.2d 309, 420 N.E.2d 40, 438 N.Y.S.2d 242 (1981). Asportation has nothing to do with distance. The manner in which the asportation element is satisfied, as here, makes the greater emphasis on intent and possession quite logical.

It is clear that the evidence in this record adequately established the elements of the crime of larceny. The trial justice's finding of guilt was not in any way erroneous.

For the foregoing reasons the defendant's appeal is denied and dismissed. The judgments below are affirmed, and the papers are remanded to the Family Court.