STATE OF NEBRASKA, APPELLEE, V. JON RICHARD, APPELLANT.

346 N.W.2d 399

Filed March 23, 1984. No. 83-723.

Harris & Lippstreu, for appellant.

Del L. Rosenberry, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Defendant was convicted in the county court for

Scotts Bluff County of violation of Scottsbluff city ordinance § 13-201, which provided in part: "It is hereby declared unlawful for any person within the city to steal any money, goods or chattels of any kind whatever." Defendant appealed to the district court, where his conviction and fine of $100 were affirmed. Defendant appeals to this court. For the reasons hereinafter stated we reverse and dismiss.

The evidence on behalf of the State showed that defendant entered Alexander's Super Market on March 25, 1983, between 7 and 8 a.m. He examined the bacon displayed for sale, picked up a 1-pound package, and walked by the meat counter. Alexander's meat manager followed defendant, and by demonstration at trial showed that defendant thrust his hand into his coat, went toward the express lane, and "didn't have the bacon [in his hand] anymore." The meat manager told the checker to call "service 50," which indicated that "shoplifting" was going on.

Other Alexander employees then came up, and the meat manager saw nothing further. On cross-examination the meat manager testified that he followed and watched defendant "[b]ecause he looked suspicious," in that when he picked up the bacon he moved his head from side to side.

The manager of Alexander's testified that he responded to the "service 50" call and first saw defendant halfway down one of the aisles, approached him and talked to him about the bacon, and defendant took the pound of bacon from his coat. The bacon was priced at $1.89. This witness could not remember whether defendant told him that he was going to pay for the bacon, but did remember that defendant handed the bacon to the witness and walked out of the store after the confrontation.

A Scottsbluff policeman testified that the manager of the store told the police officer that defendant told them he was going to pay for the bacon, gave the

bacon back, informed the store personnel that "they were not going to hold him for the police," and left.

Defendant testified that he had examined different types of bacon, selected one pound, did not put it in his coat, was stopped by the store personnel, showed them his wallet with "seventy-some" dollars in it, offered to pay, and when that offer was refused told the store personnel that he was not trying to steal the bacon; and said, "either you're going to take my money or . . . I'm going to walk back, I'm going to put it down, I'm going to walk out of here."

It is clear from the evidence considered in the light most favorable to the State that the bacon was not removed from the store by defendant. Counsel for the parties agree that to constitute the crime of "stealing" there must be a taking and "asportation" with intent to steal. The State contends that in a self-service store, "The elements of a taking and asportation are satisfied where the evidence shows that the property was taken from the owner and was concealed or put in a convenient place for removal. The fact that the possession was brief or that the person was detected before the goods could be removed from the owner's premises is immaterial." Brief for Appellee at 4.

We cannot agree. With the changes in merchandising and the enactment of new and different statutes affecting a shopper's conduct, we have gone beyond the law cited by the State that to take an article feloniously is accomplished by simply laying hold of, grasping, or seizing it animo furandi, with the hands or otherwise, and that the very least removal of it by the thief from the place where found is an asportation or carrying away. *Gettinger v. State*, 13 Neb. 308, 14 N.W. 403 (1882). To constitute larceny the object stolen must be removed from the premises of the owner, with intent to steal, before the larceny is complete. In so stating we reiterate what we said in *State v. Hauck*, 190 Neb. 534, 537, 209 N.W.2d 580,

583 (1973): "The determination of what constitutes a taking and carrying away of property with the intent to permanently deprive the owner of possession and whether that taking is with or without the consent of the owner involves issues of intent which are often difficult of determination. Where merchandise in a store is involved, those issues are vitally affected if the store is operated on a self service basis. The cases appear to be in agreement that in a self service store, where customers select and pick up articles to be paid for at the checkout counter, the mere picking up of an article in the display area does not constitute asportation. See Durphy v. United States, 235 A.2d 326 (D.C. App., 1967)."

In *Durphy v. United States*, 235 A.2d 326, 327 (D.C. 1967), the court stated that "the normal procedure in this type of market is for customers to circulate through the sales area, taking from the shelves any items they wish to buy but not paying for their selections until they pass through the check-out counter. . . . The fact that appellant placed the goods in a shopping bag provided no valid reason for the trial court to infer a criminal intent or a possession clearly adverse to the interests of the store."

Our holding is not to be read that defendant's conduct might not have warranted conviction on other charges, such as attempted stealing (Neb. Rev. Stat. § 28-201 (Reissue 1979)), or a violation of Neb. Rev. Stat § 28-511.01(1) (Cum. Supp. 1982), which provides that a person commits the crime of theft by shoplifting when, with intent to appropriate property without paying for it, he "(a) Conceals or takes possession of the goods or merchandise of any store or retail establishment."

In this difficult area of the law regarding self-service stores, precision in charging and proving offenses will result in clarity in determining what conduct is, or is not, criminal.

REVERSED AND DISMISSED.