**STATE,**

v.

**Jonathan FIRBY.**

**No. 93–409–C.A.**

Supreme Court of Rhode Island.

Feb. 17, 1994.

Jeffrey Pine, Atty. Gen., Jane McSoley, Aaron Weisman, Asst. Attys. Gen., for plaintiff.

Richard Casparian, Public Defender, Barbara Hurst, Asst. Public Defender, for defendant.

OPINION

PER CURIAM.

This matter was before the Supreme Court pursuant to an order directing both the state and the defendant, Jonathan Firby, to appear and show cause why the issues raised in this appeal should not be summarily decided.

██ After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown. The defendant was found guilty after a trial in the Superior Court on the charge of robbery and conspiracy to rob the manager of a motel. The issue raised at trial and before this court is whether sufficient evidence of asportation exists to support the robbery charge. Both defendant and the state agree that "asportation" is a required element of the crime of robbery, as well as of larceny. In *In re Timothy,* 442 A.2d 887 (R.I.1982), we have held:

"[t]he asportation element is satisfied by any movement, however slight and however brief in its duration, even if the property is ultimately abandoned." *Id.* at 890.

As stated by the trial justice,

> "even for a brief instant [the victim] was dispossessed of his petty cash box with the sixty dollars in it. And that at the time of that dispossession by either [codefendants] both of them had the intent to deprive him permanently, at least of the money inside that petty cash box. And * * * there is sufficient evidence that a reasonable jury could find [defendant] to have been an aider and abettor."

■ The defendant also contends that the verdicts in this case, guilty of robbery and not guilty of conspiracy to rob, are inconsistent verdicts. However, in *State v. Romano,* 456 A.2d 746, 764 (R.I.1983), this court stated:

> "Whenever we have considered the issue of verdict inconsistency, we have subscribed to the sentiments expressed in *Dunn v. United States,* 284 U.S. 390, 393, * * * (1932), where Justice Holmes observed that verdict consistency is not sine qua non because each count of an indictment is to be considered as a separate verdict. * * * [L]ogically inconsistent verdicts will be upheld as long as the verdicts are legally consistent. As we have emphasized in the past,
>
>> a jury must be afforded broad power to arrive at inconsistent verdicts of acquittal and conviction through its traditional power to compromise."

In denying the defendant's motion for a new trial, the trial justice noted that he was satisfied beyond a reasonable doubt that Victor Watson and Michael Carlone robbed William Burns "through a particularly vicious holdup," that the defendant went with them to the motel, that it was their purpose and plan to rob the motel manager, that the defendant was in the driver's seat of the car because he was the getaway driver, and that the defendant was also the lookout person. We conclude that the trial justice was correct in finding this evidence legally supported the conviction of robbery. We are satisfied that there was sufficient evidence of asportation to support the robbery charge.

For these reasons the defendant's appeal is denied and dismissed, the judgment of conviction appealed from is affirmed, and the papers of the case are remanded to the Superior Court.