# RESCRIPT OPINIONS.

COMMONWEALTH vs. STEVEN F. DAVIS. No. 95-P-720. July 30, 1996. *Larceny.*

The defendant was convicted of larceny of property with a value in excess of $250, G. L. c. 266, § 30(1). He argues that the judge erred in denying his motion for a required finding of not guilty, based on what he claims is a failure of proof of two elements of the offense, the intent to steal, and an asportation, or taking away, of the allegedly stolen merchandise. The evidence against the defendant was that he removed a "multimedia kit," valued in excess of $250, from the shelves of a Lechmere store at the Cambridge Galeria and tore off the magnetic sticker that would, unless demagnetized at a cash register, sound an alarm if the defendant went through the security stanchions located beyond the registers. (He was being secretly watched by security officers through a closed-circuit television system.) After hiding the magnetic sticker behind other merchandise, he walked around the sales floor passing several cash registers, and then walked through the security stanchions that separated the sales floor from an open hallway or access area containing escalators leading to and from other levels within the Lechmere store and to the garage or to the sidewalk. He proceeded within the access area to a pay-phone and picked up the receiver twice without placing a call. At that point he was apprehended by Lechmere security officers. He had no credit cards, and the cash on his person amounted to less than three dollars.

Although the defendant had not left the confines of the Lechmere store, an intent to steal could properly be inferred from his having torn off the magnetic sticker, hidden it behind other merchandise, and carried goods for which he had no means of paying past the cash registers and the alarm stanchions into the unsecured hallway area giving unimpeded access to the garage and the outdoors. *Commonwealth* v. *Balboni,* 26 Mass. App. Ct. 750, 752 (1989). The weight of authority holds that taking goods beyond a store's premises is not a necessary precondition to a conviction of larceny. See *Groomes* v. *United States,* 155 A.2d 73, 75 (D.C. 1959); *People* v. *Baker,* 365 Ill. 328, 332 (1937); *Lee* v. *State,* 59 Md. App. 28 (1984); *People* v. *Olivo,* 52 N.Y.2d 309, 318-320 (1981); *People* v. *Britto,* 93 Misc. 2d 151, 154-155 (N.Y. Crim. Ct. 1978); *Welch* v. *Commonwealth,* 15 Va. App. 518, 524 (1992); *State* v. *Grant,* 135 Vt. 222, 224 (1977). See also *In re Timothy,* 442 A.2d 887, 890 (R.I. 1982). Compare *State* v. *Richard,* 216 Neb. 832, 834-835 (1984). The same sequence of behavior suffices to establish the element of asportation, which only required that the defendant remove the stolen goods from the store's control to his own. *Commonwealth* v. *Fielding,* 371 Mass. 97, 117 (1976). *Commonwealth* v. *Flowers,* 1 Mass. App. Ct. 415, 418-419 (1973). This was done when the defendant transported the

multimedia kit beyond the store's security perimeter to the unsecured access area, if not before.

*Judgment affirmed.*

*Seth H. Hochbaum* for the defendant.

*Daniel O. Tracy,* Assistant District Attorney, for the Commonwealth.