Following a jury trial in the District Court, the defendant, John Duncan, was convicted of larceny in excess of $ 250, G. L. c. 266, § 30 (1), and assault and battery, G. L. c. 265, § 13A (a ). On appeal, he contends that (1) the evidence was insufficient to establish the "carrying away" element of larceny; (2) the judge erred in allowing lay opinion testimony from a witness; (3) the judge erred in admitting evidence that the defendant's wife allegedly slapped a store employee; and (4) the Commonwealth improperly shifted the burden of proof to the defendant during closing argument. We affirm the conviction of larceny in excess of $ 250 and reverse the conviction of assault and battery.
1. Background. We summarize the evidence presented at trial, and the reasonable inferences drawn therefrom, in the light most favorable to the Commonwealth, reserving certain details for later discussion. See Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). On January 26, 2017, David Dudis, a loss prevention agent at the Big Y supermarket in South Hadley, was in the surveillance room of the store where monitors displayed video from approximately thirty-four security cameras. A shopper, later identified as the defendant, caught Dudis's attention because he was loading boxes of Red Bull energy drink, a "high theft" item, into his shopping cart. Dudis watched the defendant as he walked to the deli department, where he put approximately twelve packages of deli meats into his cart. The defendant then headed to the produce department, which was adjacent to the floral department and near the entrance to the store. At that point, Dudis left the surveillance room and quickly went to the floral department.
When he arrived, Dudis observed the defendant putting the items that had been in his shopping cart into green insulated reusable bags, which were available at the front of the store. The only items not placed in such bags were the boxes of Red Bull and two gallons of milk.
The defendant quickly pushed the shopping cart, laden with $ 341 in groceries, toward the sliding entrance doors, both of which bore a prominent red and white symbol that stated "DO NOT EXIT." He made no movement in the direction of the cash registers, which were approximately fifty feet away on the other side of the store. When the defendant reached the entrance doors, they were open and he was past the point of sale.
Right before the defendant could exit, he was intercepted by Dudis, who stepped in front of him and stopped the shopping cart. Dudis identified himself as a Big Y loss prevention agent, and he asked the defendant to accompany him to the store's office. The defendant refused, he attempted to continue walking, Dudis grabbed his arm, and the defendant pushed him with both hands through the entrance vestibule. The two men ended up on the sidewalk outside the Big Y where they continued to tussle and fell to the ground. Another store employee soon arrived and assisted Dudis in subduing and detaining the defendant until the police arrived. The defendant was subsequently arrested.
2. Sufficiency of the evidence. The defendant contends that the evidence was not sufficient to prove larceny where the Commonwealth failed to establish that he "carried away" the property of Big Y. When reviewing a claim of insufficient evidence, we consider whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id., quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979). In making this determination, "we look only to the evidence presented by the Commonwealth, and disregard any contrary evidence presented by the defendant." Commonwealth v. Platt, 440 Mass. 396, 400-401 (2003).
General Laws c. 266, § 30 (1), provides that "[w]hoever steals, ... or whoever unlawfully, and with intent to steal or embezzle, converts, or secretes with intent to convert, the property of another ... shall be guilty of larceny." To support a conviction of larceny by stealing, the Commonwealth must prove "(1) the unlawful taking and (2) carrying away (asportation) (3) of personal property of another (4) with the specific intent to deprive the person of the property permanently." Commonwealth v. Vickers, 60 Mass. App. Ct. 24, 27 (2003). See Commonwealth v. Mills, 436 Mass. 387, 394 (2002). "[I]t is well-recognized in Massachusetts and elsewhere that taking goods beyond a store's premises is not a necessary precondition to a larceny conviction; the element of asportation may be satisfied if the defendant's behavior establishes that he or she removed the goods from the store's control to his or her own." Vickers, supra. See Commonwealth v. Davis, 41 Mass. App. Ct. 901, 901 (1996). Such a showing is made where "there is evidence, typically proof of concealment, that is inconsistent with an intent to complete a purchase." Vickers, supra at 28 (while shopping, defendant put clothes inside her beach bag, dropped them after realizing she was being watched by security, and, when confronted, said she did not have anything in bag "anymore").
Here, as the defendant neared the entrance to the store, he placed most of his groceries into shopping bags, which the jury could construe as an effort to show that the groceries had been purchased. The defendant then quickly pushed his shopping cart toward the entrance doors, which had opened, were past the point of sale, and displayed a symbol that stated "DO NOT EXIT." When confronted while attempting to leave the store, the defendant refused to cooperate and got into an altercation with Dudis. Based on all the evidence, the jury could have found that, even though the defendant did not take his groceries outside the Big Y, he did remove the goods from the store's control to his own.
The defendant's assertion that he was merely going into the entrance vestibule to get some bottles of water, not exiting the store with a shopping cart full of unpurchased groceries, is unavailing. It was well within the province of the jury to disbelieve evidence supporting this assertion and to credit Dudis's testimony as to what transpired. See Commonwealth v. Merry, 453 Mass. 653, 661 (2009) (jurors free to believe or disbelieve any or all evidence heard). We conclude that the evidence was sufficient to establish the carrying away element of larceny.
3. Opinion testimony from loss prevention agent. The defendant argues that the judge erroneously admitted lay opinion testimony from Dudis regarding the types and quantities of groceries that suggest suspicious behavior by a shopper. Because the defendant objected to the admission of this evidence, we review for prejudicial error. See Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994).
The opinion of a lay witness "is admissible only where it is '(a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge.' " Commonwealth v. Canty, 466 Mass. 535, 541 (2013), quoting Mass. G. Evid. § 701 (2013). An admissible lay opinion is one that "lies within the realm of common experience." Canty, supra at 542. It is well within the purview of a lay witness to testify about a "defendant's observable appearance, behavior, and demeanor." Commonwealth v. Gerhardt, 477 Mass. 775, 786 (2017).
Here, Dudis saw the defendant placing significant amounts of Red Bull and deli meats into a shopping cart. His testimony regarding the defendant's behavior, and the fact that Red Bull is a "high theft" item, helped to explain why Dudis's attention was drawn to the defendant in the first instance, and why he then continued to watch the defendant as he shopped. Dudis's opinions were not based on "scientific, technical, or other specialized knowledge." Canty, 466 Mass. at 541. Rather, they were factual statements based on his personal observations and his common awareness of conditions at his workplace. The judge did not err in admitting this evidence.
4. Evidence of alleged assault and battery by defendant's spouse. The defendant contends that the judge improperly admitted, over his objection, testimony from Dudis on redirect examination that the defendant's wife appeared at the scene of the scuffle outside the Big Y and purportedly slapped another loss prevention agent in the face. The defendant further asserts that the judge compounded her error by permitting the Commonwealth to ask Dudis, over defense counsel's objection, whether the defendant's wife was charged with assault and battery in connection with this incident. In the defendant's view, any evidence regarding his wife's alleged conduct was irrelevant and prejudicial. We agree.
Relevant evidence has a tendency to make a consequential "fact more or less probable than it would be without [such] evidence." Mass. G. Evid. § 401(a) (2018). "Irrelevant evidence is not admissible." Id. at § 402(d). See Commonwealth v. Hampton, 91 Mass. App. Ct. 852, 854 (2017). "Whether evidence is relevant and whether its probative value is substantially outweighed by its prejudicial effect are matters entrusted to the trial judge's broad discretion and are not disturbed absent palpable error." Commonwealth v. Simpson, 434 Mass. 570, 578-579 (2001). Because the defendant's objections were preserved, we review the proceedings for prejudicial error. See Flebotte, 417 Mass. at 353. "An error is not prejudicial if it 'did not influence the jury, or had but very slight effect'; however, if we cannot find 'with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error,' then it is prejudicial." Commonwealth v. Cruz, 445 Mass. 589, 591 (2005), quoting Flebotte, supra.
On cross-examination, defense counsel asked Dudis numerous questions about how he restrained the defendant, both inside the entrance vestibule and then outside on the sidewalk. The defendant's theory of the case was that he did not commit assault and battery where Dudis was the aggressor and used excessive force on the defendant. The purported behavior of the defendant's wife outside the Big Y was not relevant to any fact necessary to prove the assault and battery charge against the defendant. Accordingly, the judge erred in admitting this testimony.
We recognize that otherwise inadmissible evidence "may become admissible where the defendant opens the door to its admission." Commonwealth v. Quinn, 469 Mass. 641, 648 (2014). See Commonwealth v. O'Brien, 35 Mass. App. Ct. 827, 834 (1994). Here, contrary to the Commonwealth's argument, the defendant did not open the door to a line of inquiry on redirect examination concerning his wife's alleged assault and battery of a store employee. Defense counsel certainly questioned Dudis extensively on cross-examination about what transpired with the defendant outside the grocery store. However, defense counsel carefully avoided any mention whatsoever of the defendant's wife. That being the case, no door was opened.
Viewing the evidence as a whole, we cannot say that the admission of this evidence did not influence the jury or had but a very slight effect. The defendant was entitled to be judged solely on the evidence against him, not also on the alleged criminal actions of a third party. Allowing the jury to hear inadmissible testimony regarding the conduct of the defendant's wife constituted prejudicial error. Therefore, we reverse the defendant's conviction of assault and battery.
5. Burden shifting during closing argument. During cross-examination of Sergeant Mark Baran, one of the responding police officers, defense counsel elicited testimony that Baran had observed one person appearing to videotape the incident outside the Big Y on a cellular telephone. He gave no additional details. On redirect examination, Baran testified, over defense counsel's objection, that it was the defendant's wife who appeared to be making a video recording, but he was not aware that she had turned it over to the police. During his closing argument, the prosecutor asked the jury to consider this particular fact during their deliberations. Defense counsel objected to the line of argument, and the judge stated that she would instruct the jury that closing arguments are not evidence, which was acceptable to defense counsel. At the conclusion of the jury instructions, defense counsel stated that he had no objections to the charge.
The defendant now argues that the prosecutor's statement about the video recording in his closing argument impermissibly shifted the burden of proof to the defendant. In his view, the prosecutor was improperly signaling to the jury that the defendant had an affirmative duty to produce evidence of his innocence, thereby lessening the Commonwealth's burden of proving every element of each crime. See Commonwealth v. Tu Trinh, 458 Mass. 776, 787 (2011). The defendant further asserts that the judge's instructions were not sufficient to mitigate the prejudicial impact of the prosecutor's statement. We review for a substantial risk of a miscarriage of justice. See Commonwealth v. Beaudry, 445 Mass. 577, 587 (2005) (applying substantial risk standard where defense counsel acquiesced in curative instruction and indicated that he was satisfied).
On the first day of trial, when defense counsel raised the matter of the video recording, the prosecutor would not agree to its admission in evidence because the defendant could not authenticate it. Nonetheless, in his closing argument, the prosecutor asked the jury to consider drawing a negative inference from the fact that the defendant's wife had not given the video recording to the police, even though she had no obligation to do so and he had precluded its admission in the first instance. By suggesting that the defendant should have produced the video recording to bolster his claim that Dudis had used excessive force in detaining him, the prosecutor engaged in improper argument. We have reviewed the challenged remark in "the context of [the prosecutor's] entire argument, the evidence at trial, and the judge's instructions to the jury." Commonwealth v. Christian, 430 Mass. 552, 564 (2000). Given the brevity of the prosecutor's comment in an otherwise proper closing argument, and the judge's clear and accurate instructions with which the defendant was satisfied, we discern no substantial risk of a miscarriage of justice. See Commonwealth v. Kozec, 399 Mass. 514, 518 (1987) (improprieties in closing argument may be cured by appropriate and timely curative instructions).
6. Conclusion. The judgment pertaining to larceny in excess of $ 250 is affirmed. The judgment pertaining to assault and battery is reversed, and the verdict is set aside.
So ordered.
affirmed in part; reversed in part.